FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEPT 15 2005 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. Commodity Futures Trading Commission, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Stuart Pippin, individually and doing business as ) <br> Pippin Investments, ) <br> ) <br> Defendant. ) <br> ) | CV 05 4120 (JG) <br><br> **CONSENT ORDER OF PRELIMINARY INJUNCTION** |

## CONSENT ORDER OF ORDER OF PRELIMINARY INJUNCTION

Plaintiff U.S. Commodity Futures Trading Commission ("Commission"), and Defendant Stuart Pippin, individually and doing business as Pippin Investments, ("Defendant" or "Pippin") consent to the entry of this Order for Preliminary Injunction ("Order") without an adjudication of the merits on any issue of fact or law, without waiving any privileges under the United States Constitution or any other rights or privileges, and without admitting or denying the allegations of the Complaint filed in this action except as to venue and the Court's jurisdiction over the Defendant for the purposes of this Order. The Court having considered all pleadings, memoranda, declarations, and other exhibits filed with the Court, and now being fully advised in the matter, for purposes of this Order and without prejudice to further application by any party, finds:

1. This Court has jurisdiction over the subject matter of this case pursuant to Section 6c of the Commodity Exchange Act, 7 U.S.C. § 13a-1 (2004) for purposes of this Order, and it also has jurisdiction over the Defendant.

1

2.   The Commission has made a proper showing for a preliminary injunction pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2004).

### DEFINITIONS

For the purposes of this Order, the following definitions apply:

1.   "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables, contracts, insurance policies, and all cash, wherever located, whether in the United States or abroad.

2.   The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonable usable form. A draft or non-identical copy is a separate document within the meaning of the term.

3.   "Defendant" means Defendant Stuart Pippin, doing business as Pippin Investments, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee, or attorney of Pippin or Pippin Investments, and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with Pippin or Pippin Investments.

### I.  *Prohibition from Violating the Act*

**IT IS HEREBY ORDERED** that Defendant, except as otherwise ordered by this Court, is restrained and preliminarily enjoined from directly or indirectly:

A. Cheating or defrauding or attempting to cheat or defraud other persons, or willfully making or causing to be made to another person any false report or statement thereof, or willfully entering or causing to be entered for another person any false record thereof, or willfully deceiving or attempting to deceive another person by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, or in regard to any act of agency performed with respect to any order or contract for another person, or bucketing any order, or filling any order by offset against the order or orders of another person, or willfully and knowingly and without the prior consent of another person becoming the buyer in respect to any selling order of such person, or becoming the seller in respect to any buying order of such person, in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, made, or to be made, for or on behalf of any other person if such contract for future delivery is or may be used for:

(1) hedging any transaction in interstate commerce in a commodity or the products or byproducts thereof;

(2) determining the price basis of any transaction in interstate commerce in such commodity; or

(3) delivering any commodity sold, shipped, or received in interstate commerce for the fulfillment thereof

in violation of Section 4b(a)(2)(C)(i)-(iii) of the Act, 7 U.S.C. § 6b(a)(2) (C)(i)-(iii) (2004); and

B. Making use of the mails or any means or instrumentality of interstate commerce in connection with Defendant's business as a commodity trading advisor or commodity pool

3

operator unless registered under the Act in violation of Section 4m(1) of the Act, 7 U.S.C. §6m (2004); and

  C.  Directly or indirectly using the mails or any means or instrumentality of interstate commerce –

    (A)  to employ any device, scheme or artifice to defraud any client or participant or prospective client or participant; or

    (B)  to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or participant or prospective client or participant

in violation of Section 4o(1)(A) and (B) of the Act, 7 U.S.C. §6o(1)(A) and (B) (2004); and

  D.  While acting as a commodity pool operator:

  (a)  Failing to operate the pool as an entity cognizable as a legal entity separate from that of the pool operator; and

  (b)  Failing to receive all funds, securities or other property from existing or prospective pool participants for the purchase of an interest or as an assessment (whether voluntary or involuntary) on an interest in a pool that Defendant operates or intends to operate in the pool's name; and

  (c)  Commingling the property of a pool operated or intended to be operated by Defendant with the property of any other person

in violation of Commission Regulation 4.20, 17 C.F.R. §4.20 (2004); and

4

E.  Seeking exemption from registration with the Commission in any capacity, unless such exemption is pursuant to Section 4.14(a)(9) of the Commission's Regulations, 17 C.F.R. §4.14(a)(9) (2004).

## II. *Repatriation of Foreign-Held Assets and Production of Documents*

**IT IS HEREBY ORDERED** that Defendant shall transfer to the territory of the United States all funds, documents, and assets located in foreign countries which are, or were as of August 29, 2005, (1) titled in the name individually or jointly of Defendant and any other person; or (2) held by a person or entity for the benefit of Defendant; or (3) under Defendant's direct or indirect control, whether jointly or singly.

## III. *Asset Freeze*

**IT IS HEREBY ORDERED** that Defendant, except as otherwise ordered by this Court, is restrained and preliminarily enjoined from directly or indirectly:

A.  Transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any assets, wherever located, including assets held outside the United States, except if provided otherwise in this Order or by the Court; or

B.  Opening or causing to be opened any safe deposit boxes titled in the name or subject to access by the Defendant.

C.  Notwithstanding the provisions of this paragraph, Defendant shall transfer possession of all of his assets to the Monitor appointed herein, including but not limited to all accounts, checks, notes, credits, receivables, contracts, insurance policies, assets, and all cash for the purpose of placing such frozen assets into designated interest-bearing bank accounts.

### IV. *Identification and Preservation of Assets*

**IT IS FURTHER ORDERED**, pending further order of this Court, that any financial or brokerage institution, business entity, or person that holds, controls, or maintains custody of any account or asset titled in the name of, held for the benefit of, or otherwise under the control of the Defendant, or has held, controlled, or maintained custody of any such account or asset of the Defendant at any time shall:

A. Prohibit Defendant and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any such asset, except as directed by further order of the Court, or as directed by the Monitor;

B. Deny Defendant and all other persons access to any safe deposit box that is: (1) titled in the name of Defendant either individually or jointly with any other party; or (2) otherwise subject to access by Defendant. Notwithstanding this Paragraph, the Monitor shall be provided with access to any safe deposit box titled in the name of, or subject to access by Defendant;

C. Provide the Monitor and counsel for the Commission, within ten (10) business days of receiving a copy of this Order, a statement setting forth:

    (1) the identification number of each such account or asset titled in the name, individually or jointly, of the Defendant or held on behalf of, or for the benefit of the Defendant, or under the control of the Defendant;

    (2) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the

    date closed or removed, the total funds removed in order to close the account, the name of the person or entity to whom such account or other asset was remitted; and

  (3) the identification of any safe deposit box that is either titled in the name, individually or jointly, of Defendant, or is otherwise subject to access by Defendant;

 D. Upon request by the Monitor or the Commission, promptly provide the Monitor and the Commission with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, trading records, and safe deposit box logs; and

 E. Cooperate with all reasonable requests of the Monitor or the Commission relating to implementation of this Order, including transferring funds at the Court's direction and producing records related to Defendant's accounts.

## V. *Accounting of Assets*

**IT IS FURTHER ORDERED** that within ten (10) business days following the service of this Order, Defendant shall:

 A. Provide the Commission and the Monitor with a full accounting of all funds, documents, and assets exceeding $250 in fair market value individually, both within and outside the United States which are (1) titled in the name individually or jointly of Defendant; or (2) held by any person or entity, for the benefit of any Defendant; or (3) under such Defendant's direct or indirect control, whether jointly or singly; and

7

B.  Provide the Commission access to all records of accounts or assets of Defendant held by financial institutions located both within and outside the territorial United States by signing the Consent to Release of Financial Records attached to this Order.

## VI. *Monitor*

**IT IS FURTHER ORDERED** that the National Futures Association be appointed as Monitor in this matter.

## VII. *Duties of Monitor*

**IT IS FURTHER ORDERED** that the Monitor is directed and authorized to accomplish the following:

A.  Take exclusive custody, control, and possession of all the funds, property, mail and other assets of, in the possession of, or under the control of Defendant, wherever situated.

B.  The Monitor shall have full power to collect, receive and take possession of all goods, chattels, rights, credits, moneys, effects, land, leases, books, records, work papers, and records of accounts, including documents related to pool participants or clients whose interests are now held by or under the direction, possession, custody or control of the Defendant.

C.  Preserve, hold and manage assets of the Defendant and perform all acts necessary to preserve the value of those assets, in order to prevent any loss, damage or injury to pool participants, clients, or banks;

D.  Prevent the withdrawal or misapplication of funds entrusted to the Defendant and otherwise protect the interest of the defrauded pool participants and/or clients;

E.  Open one or more interest-bearing bank accounts as designated depositories for funds of Defendant. The Monitor shall deposit all funds of Defendant in such designated

8

accounts and shall make all payments and disbursements relating to this matter from such accounts; and

F.  Make payments and disbursements necessary or advisable for carrying out the directions of or exercising the authority granted by this Order. The Commission shall apply to the Court for prior approval of any payment, except payments the Monitor deems necessary or advisable to secure assets of the Defendant. The Commission shall provide the Court at the appropriate time with a proposed asset allocation plan for the distribution of funds to the pool participants.

### VIII.  *Delivery of Assets to Monitor*

**IT IS FURTHER ORDERED** that, immediately upon service of this Order upon him, Defendant and any other person or entity served with a copy of this Order, shall immediately or within such time as permitted by the Monitor in writing, deliver over to the Monitor:

A.  Possession and custody of all funds, assets, property, and all other assets, owned beneficially or otherwise, wherever situated, of Defendant; and

B.  Information identifying the accounts, employees, properties, or other assets or obligations of Defendant.

### IX.  *Cooperation with Monitor*

**IT IS FURTHER ORDERED** that Defendant and all other persons or entities served with a copy of this order shall cooperate fully with and assist the Monitor. This cooperation and assistance shall include, but not be limited to, providing any information to the Monitor that the Monitor deems necessary to exercising the authority granted by this Court; providing any password required to access any computer or electronic files in any medium; discharging the

9

responsibilities of the Monitor under this Order, and advising all persons who owe money to Defendant that all debts should be paid directly to the Monitor.

## X. *Legal Action involving Monitor*

**IT IS FURTHER ORDERED** that except by leave of the Court, during the pendency of this civil action, Defendant and all other persons and entities be and hereby are stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, in, or in the name of the Monitor, assets in the custody of the Monitor, or the Monitor's duly authorized agents acting in their capacities as such, including but not limited to, the following actions:

A. Commencing, prosecuting, litigating or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations;

B. Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of the Monitor or any property claimed by the Monitor, or attempting to foreclose, forfeit, alter or terminate any of Defendant's interests in assets, whether such acts are part of a judicial proceeding or otherwise;

C. Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of the Monitor or any agent of the Monitor; and

D. Doing any act or thing to interfere with the Monitor taking control, possession or management of the property subject to the Monitor, or to in any way interfere with the Monitor

10

or the duties of the Monitor; or to interfere with the exclusive jurisdiction of this Court over the property and assets of Defendant.

E.   This Section does not stay the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## XI.   *Maintenance of and Access to Business Records*

**IT IS HEREBY ORDERED** that Defendant and all persons or entities who receive notice of this Order by personal service or otherwise, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business finances of Defendant.

## XII.   *Access to and Inspection of Documents*

**IT IS FURTHER ORDERED** that representatives of the Commission and the Monitor be immediately allowed to inspect the books, records, and other documents of Defendant and his agents including, but not limited to, paper documents, electronically stored data, tape recordings, and computer discs, wherever they may be situated and whether they are in the possession of Defendant or others, and to copy said documents, data and records, either on or off the premises where they may be situated.

## XIII.   *Service of Order*

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Defendant or that may be subject to any provision of this Order.

## XIV. *Expedited Discovery*

**IT IS FURTHER ORDERED** that the parties are granted leave, at any time after service of this Order, to take the deposition of and demand the production of documents from any person or entity for the purpose of discovering the nature, location, status, and extent of assets of Defendant, and the location of documents reflecting the business transactions of Defendant; forty-eight (48) hours notice shall be deemed sufficient for any such deposition and five (5) days notice shall be deemed sufficient for the production of any such documents.

## XV. *Depositions*

**IT IS FURTHER ORDERED** that the limitations and conditions set forth in Federal Rule of Civil Procedure 30(a)(2)(B) regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Order. No depositions taken pursuant to Paragraph XIV shall count toward the ten-deposition limit set forth in Federal Rule of Civil Procedure 30(a)(2)(A).

## XVI. *Service on the Commission*

**IT IS FURTHER ORDERED** that Defendant shall serve all pleadings, correspondence, notices required by this Order, and other materials on the Commission by delivering a copy to Sheila L. Marhamati, Trial Attorney, Division of Enforcement, U.S. Commodity Futures Trading Commission, Eastern Regional Office, 140 Broadway, 19th Floor, New York, New York 10005.

## XVII. *Force and Effect of Order*

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes.

## XVIII. *Execution of Order*

**IT IS FURTHER ORDERED** that this Consent Order may be executed in separate counterparts.

SO AGREED on this ___8th___ day of ___September___, 2005.

**Plaintiff**
U.S. Commodity Futures Trading Commission
By: _/s/ Sheila L. Marhamati_
Sheila L. Marhamati [SM-8016]
140 Broadway, 19th Floor
New York, New York 10005

**Defendant Stuart J. Pippin**
Pro Se
By: _/s/ Stuart J. Pippin_
Stuart J. Pippin
940 Myrta Street
Kerrville, Texas 78028

SO ORDERED, this ___9th___ day of ___September___, 2005.

s/John Gleeson
The Honorable John Gleeson, U.S.D.J.

## CONSENT TO RELEASE OF FINANCIAL RECORDS

I, __STUART J. PIPPIN__, do hereby direct any bank or trust company at which I have a bank account of any kind upon which I am authorized to draw, and its officers, employees and agents, to disclose all information and deliver copies of all documents of every nature in your possession or control which relate to said bank accounts to any attorney of the U.S. Commodity Futures Trading Commission, and to give evidence relevant thereto, in the matter of <u>U.S. Commodity Futures Trading Commission v. Stuart Pippin, individually and doing business as Pippin Investments</u>, E.D.N.Y. Docket No. CV 05 4120, now pending before the United States District Court for the Eastern District of New York, and this shall be irrevocable authority for so doing. This direction is intended to apply to the laws of countries other than the United States which restrict or prohibit the disclosure of bank information without the consent of the holder of the account, and shall be construed as consent with respect thereto, and the same apply to any of the bank accounts for which I may be a relevant principal.

Dated: __9-7-05__, 2005

_____
Signature

14